UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

LAROD GROSS                                                                                   PLAINTIFF

v.                                                            CIVIL ACTION NO. 3:17-cv-494-CWR-FKB

COMMISSIONER PELICIA HALL,
SUPERINTENDENT RON KING,
ADMINISTRATIVE PAMELA
ROBINSON, and MICHELLE
JACKSON                                                                                     DEFENDANTS

## REPORT AND RECOMMENDATION

This case is before the undersigned for Report and Recommendation on Defendants' Motion for Summary Judgment based on Failure to Exhaust Available Administrative Remedies [19]. The undersigned finds as follows.

### I. Factual Background

Larod Gross is an inmate in the custody of the State of Mississippi. At the time he filed the complaint, he was housed at the Central Mississippi Correctional Facility ("CMCF"). Gross is proceeding *pro se* and *in forma pauperis*. He brings this suit pursuant to 42 U.S.C. § 1983. Gross was formerly housed at the East Mississippi Correctional Facility ("EMCF") before his transfer to CMCF. He alleges that he has a mental disorder that can only be properly treated at EMCF. He claims that Defendants' decision not to transfer him back to EMCF is discriminatory.

The Court held an omnibus hearing on December 13, 2018. At the hearing, the undersigned asked Gross his reasons for suing each of the four defendants. He contends that Commissioner Hall changed MDOC rules and regulations in a way that caused him not to be transferred to EMCF, though he could not identify the rules and regulations at issue. Additionally, he claims that Commissioner Hall has failed to respond to correspondence he has sent to her. Similarly, Gross explained that he filed suit against King, Robinson, and Jackson because they too failed to respond to correspondence he sent.

1

## II. Standard

Defendants contend that although Gross filed three grievances regarding his requested transfer back to EMCF, he failed to complete the Mississippi Department of Corrections' ("MDOC") two-step administrative remedy process as to any of them.

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue of fact is genuine if the "'evidence is sufficient to permit a reasonable factfinder to return a verdict for the nonmoving party.'" *Lemoine v. New Horizons Ranch and Center*, 174 F.3d 629, 633 (5th Cir. 1999)(quoting *Colston v. Barnhart*, 146 F.3d 282, 284 (5th Cir.), *cert. denied*, 525 U.S. 1054, (1998)). Issues of fact are material if "resolution of the issues might affect the outcome of the suit under governing law." *Lemoine*, 174 F.3d at 633. The Court does not, "however, in the absence of any proof, assume the nonmoving [or opposing] party could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(*en banc*)(emphasis omitted). Moreover, the non-moving party's burden to come forward with "specific facts showing that there is a genuine issue for trial,*" Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986), is not satisfied by "conclusory allegations" or by "unsubstantiated assertions," or by only a "scintilla" of evidence. *Little*, 37 F.3d at 1075.

A prisoner must exhaust available administrative remedies before bringing a § 1983 action. *Booth v. Churner*, 532 U.S. 731, 740 (2001); 42 U.S.C. § 1997e(a). The Prison Litigation Reform Act's exhaustion requirement is mandatory and applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. *See Porter v. Nussle,* 534 U.S. 516 (2002); *Jones v. Bock*, 549 U.S. 199, 199–200 (2007)("There is no question that exhaustion is mandatory under the PLRA. . . ."). When examining the exhaustion requirement, the Fifth Circuit has ruled that

> [d]istrict courts have no discretion to excuse a prisoner's failure to properly exhaust the prison grievance process before filing their complaint. It is irrelevant whether exhaustion is achieved during the federal proceeding. Pre-filing exhaustion is mandatory, and the case must be dismissed if available administrative remedies were not exhausted.

*Gonzales v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012). Moreover, "[i]t is not enough to merely initiate the grievance process or to put prison officials on notice of a complaint; the grievance process must be carried through to its conclusion." *Walker v. East Miss. Corr. Facility*, Civil Action No. 4:10-cv-111–LRA, 2013 WL 4833901 (S.D. Miss. Sept. 11, 2013)(citing *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001)(finding that filing an initial grievance, without more, did not equate to exhaustion)); *see also Tompkins v. Holman*, Civil Action No. 3:12-cv-87–LRA, 2013 WL 1305580 (S.D. Miss. Mar. 26, 2013)(dismissing § 1983 complaint for failure to exhaust administrative remedies when prisoner filed a grievance, but did not complete the Administrative Remedy Program ("ARP") grievance before filing his lawsuit).

### III. Analysis

The Mississippi Department of Corrections ("MDOC") utilizes a two-step administrative remedy process. *See Jackson v. Hall*, 763 F. App'x 376, 377 (5th Cir. 2019). The first step requires that the inmate submit a grievance to prison officials. Prison officials then provide a "First Step Response" to the inmate, addressing the content of the grievance. If the inmate is dissatisfied with the First Step Response, he may then file a Second Step Appeal. The ARP process is complete once the inmate receives the prison official's Second Step Response.

Gross submitted three grievances regarding his requested transfer to EMCF. He submitted the first on March 14, 2017, the second on April 12, 2017, and the third on June 14, 2017. Defendants contend, however, that he failed to exhaust his administrative remedies prior to filing suit. They contend that while he began the ARP process three separate times, he completed only the first step of MDOC's two-step grievance process as to each.

In support of their motion, Defendants attach copies of each of the three grievances along with affidavits from Le Tresia Stewart, an ARP investigator at CMCF. [19-1]; [19-2]; and [19-3]. In each grievance, Gross requests a transfer to EMCF. [19-1] at 4; [19-2] at 5; and [19-3] at 4-5. According to the

3

records provided, CMCF officials accepted each of the three grievances and provided Gross with a response.

CMCF officials accepted Gross's March 14, 2017, grievance on March 16, 2017. [19-1] at 2. He received a First Step Response on April 7, 2017, from Defendant Michelle Jackson. *Id.* at 6. She wrote as follows:

> Because of your disruptive behavior, the staff at East Miss. requested that you be move[d]. If you have the mental health issue as you say, the mental health staff would make a recommendation based on their findings. It is up to mental health, not classification, to recommend placement at East Miss.

*Id.*

CMCF officials accepted Gross's April 12, 2017, grievance on April 20, 2017. [19-2] at 2. He received a First Step Response on June 1, 2017, from Dr. William Brazier. *Id.* at 8. He wrote as follows:

> Mr. Larod Gross . . . your medical concerns are important to our medical staff. Patient will be scheduled to see MH about MH concerns. Please f/u per sick call request.

*Id.*

CMCF officials accepted Gross's June 14, 2017, grievance on June 16, 2017. [19-3] at 2. He received a First Step Response on June 23, 2017, from Michelle Jackson. *Id.* at 8. She wrote as follows:

> When making a decision on movement there are several factors that are used to determine housing. While you were housed at EMCF your disruptive behavior did not show that you were receiving the treatment that you are claiming that you needed. Mental Health has made a recommendation and you were transferred based on their recommendation. Therefore at this time you will not be returning to East Miss.

*Id.*

Each of the First Step Responses that Gross received contained the following language near the top of the page, "If you are not satisfied with this response, you may go to Step Two by checking below and forwarding to the ARP Legal Claims Adjudicator within 5 days of your receipt of this decision." [19-1] at 6; [19-2] at 8; [19-3] at 8. The bottom of each form gives the inmate the option to proceed to Step Two and

to state the reasons why. Stewart testifies that Gross never filed the required "Second Step Appeal" for any of the three grievances. [19-1] at 1; [19-2] at 1; and [19-3] at 1.

Gross had until December 18, 2018, to respond to Defendants' Motion for Summary Judgment [19]. However, the Court, *sua sponte*, granted him an extension until April 12, 2019, to respond. [26]. Despite the extension, Gross has never filed a response to the motion or provided any evidence that would show that he filed a Second Step Appeal as to any of the three grievances.

The uncontroverted evidence before the undersigned is that Gross failed to complete the second step of the ARP process as to any of the three grievances. As a result, he failed to exhaust the administrative remedy process available to him prior to filing his complaint. The Fifth Circuit has made clear that under such circumstances, the Court has no choice but to grant summary judgment in the defendants' favor.

## IV. Conclusion

For the foregoing reasons, the undersigned recommends that Defendants' Motion for Summary Judgment based on Failure to Exhaust Available Administrative Remedies [19] be granted.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 2nd day of August, 2019.

/s/ F. Keith Ball  
UNITED STATES MAGISTRATE JUDGE